UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

NFN NEELAM,

              Petitioner,

    v.

CHRISTOPHER CHESTNUT, *et al.*,

              Respondents.

Case No.  1:26-cv-03574  (VC)

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: Dkt. No. 1

Petitioner Neelam ("Petitioner") was arrested by U.S. Immigration and Customs Enforcement ("ICE"), a division of the Department of Homeland Security ("DHS"), on April 29, 2026. She filed this petition for a writ of habeas corpus arguing that her detention violated her due process rights under the Fifth Amendment and the Immigration and Nationality Act ("INA"). *See* Dkt. No. 1 ("Pet."). Respondents filed an opposition to the Petition. Dkt. 2 ("Opp.") Petitioner did not file a Reply. For the reasons that follow, the Petition is GRANTED.

I.      BACKGROUND

Petitioner entered the United States through San Ysidro, California on or about December 15, 2024. Pet. ¶ 14. Though not stated clearly in her Petition, it seems that she was detained by ICE shortly thereafter. *See id*. ¶ 17 ("Petitioner was released from custody on [sic] December 2024"). On December 17, 2024, she was released on her own recognizance and placed into removal proceedings. *Id*. ¶ 16–17, Ex. 1. Following her release, Petitioner filed an application for asylum. *Id*. ¶ 18. Based on the record before the Court, those removal proceedings appear to be ongoing and no final order of removal has been issued. Despite her prior release into the United States, on April 29, 2026, ICE re-detained Petitioner. *Id*. ¶ 20. She is currently detained at the

California City Correctional Facility. *Id*. ¶ 27. Petitioner filed a petition for writ of habeas corpus challenging her continued detainment without providing a pre-deprivation hearing to determine if she is a flight risk or danger to the community. *Id*. ¶ 17.

## II.    DISCUSSION

Petitioner asserts two claims for relief, including that that her detention without a warrant violates the INA (count 1), and that her re-detention without a pre-deprivation hearing violates the Due Process Clause of the Fifth Amendment (count 2). Because Petitioner's Due Process Clause claim (count 2) affords Petitioner all the relief to which she is entitled—namely, release and a pre-deprivation hearing prior to re-detention—the Court need not and does not reach Petitioner's claim under the INA.

### A.    8 U.S.C. § 1225(b) Does Not Apply to Petitioner

Before turning to the Petitioner's due process claim, the Court notes that the parties dispute which statutory detention authority applies to Petitioner. The only argument that Respondents make in opposition is that Petitioner is an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b) ("Section 1225"). Opp. at 1. Petitioner, however, contends that Section 1225 "does not apply to those who previously entered the country and have been residing in the United States prior to being apprehended[.]" Pet. ¶ 50.

Petitioner is correct. While Section 1225 "authorizes the Government to detain certain aliens *seeking admission into the country*," Section 1226 "authorizes the Government to detain certain aliens *already in the country* pending the outcome of removal proceedings." *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (emphasis added). The record confirms that immigration authorities already determined that Section 1226 applies to Petitioner when they released Petitioner on her own recognizance "[i]n accordance with Section 236 of the Immigration and Nationality Act." Dkt. 1-2; *see Singh v. Bondi*, No. 1:26-CV-0396 DC CSK P, 2026 WL 469169, at *3 n.4 (E.D. Cal. Feb. 19, 2026) ("Section 236 of the INA is codified at 8 U.S.C. § 1226"). Courts throughout this Circuit have similarly found that where a noncitizen has been previously released on her own recognizance pursuant to Section 1226, the government may not reverse

course and re-detain the noncitizen under Section 1225. *See, e.g.*, *Ramirez Clavijo v. Kaiser*, No. 25-CV-06248-BLF, 2025 WL 2419263, at *6 (N.D. Cal. Aug. 21, 2025) (once the government "elect[s] to proceed ... under § 1226, [it] cannot [ ] reverse course and institute § 1225 ... proceedings."); *Ortiz Donis v. Chestnut*, No. 1:25-CV-01228 JLT SAB, 2025 WL 2879514, at *11 (E.D. Cal. Oct. 9, 2025); *Bautista Pico v. Noem*, No. 25-CV-08002-JST, 2025 WL 3295382, *2–3 (N.D. Cal. Nov. 26, 2025) (collecting cases); *Sharan S. v. Chestnut*, No. 1:25-CV-01427-KES-SKO (HC), 2025 WL 3167826, at * 8–9 (E.D. Cal. Nov. 12, 2025); *Singh v. Noem*, No. 26-CV-0932-GPC-MMP, 2026 WL 468159, at *2 (S.D. Cal. Feb. 18, 2026). This Court agrees and finds that Respondents may not re-detain Petitioner pursuant to Section 1225.

The Court next analyzes Petitioner's due process claim. Petitioner's constitutional challenge is analyzed "in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." *Garcia v. Andrews*, No. 2:25-cv-01884-TLN-SCR, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025) (*citing Kentucky Dep't. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)).

### B. Petitioner's Protected Liberty Interest

Petitioner argues that her release from immigration custody by the affirmative act of the Government pursuant to 8 U.S.C. § 1226 on December 18, 2024, and then the nearly two years of freedom that followed, gave rise to a protected liberty interest. *See* Pet. ¶ 28. The Court agrees.

The regulations that authorize immigration authorities to release a noncitizen on her own recognizance require that the noncitizen "demonstrate to the satisfaction of the officer that such release would not pose a danger to property or persons" and that the noncitizen is "likely to appear for any future proceeding." 8 C.F.R. § 1236.1(c)(8). "Release [therefore] reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk." *Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1176 (N.D. Cal. 2017), *aff'd sub nom. Saravia for A.H. v. Sessions*, 905 F.3d 1137 (9th Cir. 2018). "Thus, DHS may generally not re-arrest a

previously released noncitizen absent a change in circumstances." *Singh*, 2026 WL 468159, at *2 (internal quotation omitted).

Respondents make no showing that any changed circumstances warranted Petitioner's arrest and subsequent detention. Rather, their opposition simply argues that Petitioner may be mandatorily detained under Section 1225. As Respondents allege no facts to the contrary, the Court takes Petitioner's assertions that she is "neither a flight risk nor a danger to the community" as true. Pet. ¶ 17.

As such, the Government's election to "release Petitioner under § 1226(a) provided Petitioner with a liberty interest that is protected by the Due Process Clause." *Oliveros v. Kaiser*, No. 25-CV-07117-BLF, 2026 WL 1162724, at *4 (N.D. Cal. Apr. 29, 2026); *see also Ortega v. Bonnar*, 415 F. Supp. 3d 963, 969 (N.D. Cal. 2019) ("Just as people on preparole, parole, and probation status have a liberty interest, so too does [the noncitizen] have a liberty interest in remaining out of custody on bond."); *Pinchi v. Noem*, 792 F.Supp. 3d 1025, 1032 (N.D. Cal. 2025) ("[E]ven when ICE has the initial discretion to detain or release a noncitizen pending removal proceedings, after that individual is released from custody she has a protected liberty interest in remaining out of custody."); *He v. Lyons*, No. 25-cv-10639-JSC, 2026 WL 280074, at *3 (N.D. Cal. Feb. 3, 2026) ("Courts throughout the Ninth Circuit have concluded individuals released from immigration custody on bond have a protectable liberty interest in remaining out of custody on bond."); *Guillermo M. R. v. Kaiser*, No. 25-CV-05436-RFL, 2025 WL 1983677, at *4 (N.D. Cal. July 17, 2025) (recognizing that "the liberty interest that arises upon release [from immigration detention] is *inherent* in the Due Process Clause"); *Ortega v. Kaiser*, No. 25-cv-05259-JST, 2025 WL 1771438, at *3 (N.D. Cal. June 26, 2025) (collecting cases finding that noncitizens who have been released have a strong liberty interest). Because Petitioner was released from DHS custody on her own recognizance in 2024, she maintains a protected liberty interest in remaining out of custody.

### C. Procedural Due Process

Many courts have applied the test established by the Supreme Court in *Mathews v.*

4

*Eldridge* in considering what process is due in the immigration context. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022). There are three factors relevant to the due process inquiry under the *Mathews* framework: (1) "the private interest that will be affected by the official action," (2) "the risk of an erroneous deprivation ... and the probable value, if any, of additional or substitute procedural safeguards," and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

As to the first *Mathews* factor, the Court finds that Petitioner has a substantial private interest in remaining out of immigration custody because she has been released pending civil removal proceedings for nearly two years. Since then, she has been living freely in the United States and has applied for asylum. *Omer G.G. v. Kaiser*, 815 F. Supp. 3d 1098, 1111 (E.D. Cal. 2025) (finding that living freely for several years satisfied first *Mathews* factors). Turning to the second factor, "the risk of an erroneous deprivation [of liberty] is high" when, as here, "[the Petitioner] has not received any bond or custody redetermination hearing." *A.E. v. Andrews*, No. 1:25-cv-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025). Civil immigration detention, which is "nonpunitive in purpose and effect[,]" is justified when a noncitizen presents a risk of flight or danger to the community. *See Zadvydas*, 533 U.S. at 690; *Padilla v. U.S. Immigr. & Customs Env't*, 704 F. Supp. 3d 1163, 1172 (W.D. Wash. 2023); *Sharan S. v. Chestnut*, No. 1:25-CV-01427-KES-SKO (HC), 2025 WL 3167826 (E.D. Cal. Nov. 12, 2025) ("Under section 1226(a), petitioner would be entitled to a bond hearing, and any custody redetermination would have to be based on whether petitioner is 'a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk.'") (quoting *In re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006)). The record before the Court indicates that Petitioner has no criminal history and has complied with all terms of her release. Respondents do not raise any facts to the contrary in opposition. As there have been no procedural safeguards to determine if Petitioner's re-detention is justified, "the probable value of additional procedural safeguards, i.e., a bond hearing, is high." *A.E.*, 2025 WL 1424382, at *5.

The final *Mathews* factor also weighs in Petitioner's favor. Although the government has a strong interest in enforcing the immigration laws, the government's interest in detaining Petitioner without a hearing is "low." *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019); *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093–95 (E.D. Cal. 2025). In immigration court, custody hearings are routine and impose a "minimal" cost. *Doe*, 2025 WL 691664, at *6. "If the government wishes to re-arrest [Petitioner] at any point, it has the power to take steps toward doing so; but its interest in doing so without a hearing is low." *Ortega*, 415 F. Supp. 3d at 970.

### III. CONCLUSION AND ORDER

Accordingly, the Petition is GRANTED. IT IS HEREBY ORDERED that:

1. Respondents immediately release Petitioner NFN Neelam (A221-347-157) from their custody.

2. Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation and/or custody hearing.

3. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond must be considered. This Order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal.

4. The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

**IT IS SO ORDERED.**

Dated: May 19, 2026

_____

VINCE CHHABRIA
United States District Judge

6